IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| VERA DAVIS | PLAINTIFF |
| vs. | Civil Action No. 4:08-cv-1 HTW-LRA |
| UNION SECURITY LIFE INSURANCE COMPANY and AMERICAN SECURITY INSURANCE COMPANY | DEFENDANTS |

## ORDER DENYING ARBITRATION

Before the court is the motion of the defendants Union Security Life Insurance Company ("USLIC") and American Security Insurance Company ("ASIC") brought under the Federal Arbitration Act ("FAA"), Title 9 U.S.C. § 1, *et seq.*, to compel the plaintiff Vera Davis to submit any and all claims asserted against them to binding arbitration **[docket # 11]**. The motion also seeks to stay the case pending a final arbitration decision.

The plaintiff filed this lawsuit in the Circuit Court of Wayne County, Mississippi, on December 4, 2007, against the defendants USLIC and ASIC. The defendants USLIC and ASIC removed this case from the Circuit Court of Wayne County, Mississippi, on January 8, 2008, then moved for an extension of time to answer on January 9, 2008. After an extension of time was granted, USLIC and ASIC submitted extensive answers to the plaintiff's complaint on February 14, 2008. ASIC states in its forty-sixth defense that "some or all of the claims advanced herein are subject to binding arbitration under the loan agreements, other written contracts and/or agreements, and/or the Federal Arbitration Act." USLIC's answer states the same.

This court has federal subject matter jurisdiction under Title 28 U.S.C. § 1332, as complete diversity is present and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

The defendants submit that on January 26, 1999, Vera Davis and her husband, Jimmie Davis, signed a Combined Note and Security Agreement with First Family Financial Services, Inc., (a/k/a Citifinancial, Inc.) ("First Family"). USLIC says it issued a credit life insurance policy, certificate number 365438, naming Jimmie Davis as the insured debtor. This policy names First Family Financial as the first beneficiary and Vera Davis as the second beneficiary. The purpose of the policy, say defendants, was to pay the loan balance in the event of Jimmie Davis' demise, with any remaining amount to be paid to Vera Davis. The face amount of this policy is $40,000.00.

As part of the transaction involving plaintiff's loan with First Family and the purchase of credit life insurance, USLIC says that the deceased and Vera Davis also entered into an Arbitration Agreement with First Family which is current and binding. Jimmie Davis, Vera Davis, and First Family are the signatories to the Arbitration Agreement. The defendants USLIC and ASIC are not.

The pertinent part of the arbitration agreement between Jimmie and Vera Davis and First Family provides as follows:

> **DISPUTES COVERED**: This agreement applies to all claims and disputes between you and us. This includes, without limitation, all claims and disputes arising out of, in connection with, or relating to:
> * your loan from us today;
>
> * any previous loan from us and any previous retail installment sales contract or loan assigned to us;

* all the documents relating to this or any previous loan or retail installment sales contract;

* any insurance purchased in connection with this or any previous loan or retail installment sales contract;

* whether the claim or dispute must be arbitrated;

* the validity of this arbitration agreement;

* any negotiations between you and us;

* any claim or dispute based on an allegation of fraud or misrepresentation, including fraud in the inducement of this or any other agreement;

* any claim or dispute based on a federal or state statute; and

* any claim or dispute based on an alleged tort.

\* \* \*

**ARBITRATION RULES:** Arbitration will be conducted under the "Commercial Arbitration Rules" of the American Arbitration Association that are in effect at the time arbitration is started and under the rules set forth in this agreement ... .

**OTHER IMPORTANT AGREEMENTS**: . . .

2. The loan and insurance transactions between you and us are transactions involving interstate commerce, using funds coming from outside the state. The Federal Arbitration Act applies to and governs this agreement ... .

While the defendants USLIC and ASIC are non-signatories to the arbitration agreement, they contend that they may compel arbitration under the theory of equitable estoppel when a signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against a non-

signatory, and when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract.  *Grigson v. Creative Artists Agency, LLC,* 210 F.3d 524, 527 (5th Cir. 2000) (allowing a non-signatory to compel arbitration on equitable estoppel grounds).  A signatory, said the *Grigson* Court, cannot on the one hand seek to hold the non-signatory liable pursuant to duties imposed by an agreement, which is subject to an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory.  *Washington Mutual Finance Group v. Bailey*, 364 F.3d 260 (5th Cir. 2004); and *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999) (adopted by the Fifth Circuit in *Grigson*).

USLIC and ASIC now argue that Vera Davis' claims against them makes reference to or presumes the existence of the written agreement (the credit life insurance policy subject to the arbitration clause), and that the signatory's claims against the credit life insurers USLIC and ASIC arise out of, relate directly to, or are intertwined with this written agreement.  Therefore, say defendants, arbitration is appropriate.  *See Grigson*, 210 F.3d at 527.

The plaintiff takes issue with USLIC and ASIC reaching out to have benefit of the arbitration agreement since they are not signatories to it and the claims against USLIC and ASIC are based on their failure to pay insurance benefits pursuant to the credit life policy, and not a problem with the original loan.

Under these circumstances, this court is not inclined to submit this matter to arbitration.  The plaintiff's claims do not rely on either the Combined Note and Security Agreement with First Family Financial Services, Inc., nor upon the related arbitration

agreement.  No express provision in the arbitration agreement includes USLIC or ASIC.  Thus, the essential predicates for the application of equitable estoppel under *Grigson* are not present in this case and the defendants' motion to compel arbitration **[docket # 11]** must be denied.

The defendants also have moved to stay this case until after arbitration is complete **[docket # 13]**.  Inasmuch as the motion to compel arbitration is denied, this motion to stay is terminated as moot.

The plaintiff has filed a motion for partial summary judgment seeking to declare the plaintiff's entitlement to coverage under the credit life insurance policy in question and on the matter of joint and several liability of USLIC and ASIC **[docket # 22]**.  In light of the arguments of counsel on the issue of arbitration, this court finds the motion to be premature and it is denied.  One question of fact which would preclude a grant of summary judgment is whether the plaintiff participated in a class action settlement against First Family which would have resulted in the cancellation of the subject policy before the death of Jimmie Davis.

Also before the court is the defendants' motion to stay the motion for partial summary judgment **[docket # 27]**.  This motion is terminated as moot.

The parties are hereby directed to contact the United States Magistrate Judge not later than fifteen (15) days from the date of this order for a scheduling conference on discovery, designation of experts, and dispositive motions.

SO ORDERED, this the 5th day of April, 2010.

                                            s/ HENRY T. WINGATE
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

Civil Action No. 4:08-cv-1 HTW-LRA